UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11cv147-RLV
(5:07cr23-RLV-DCK-2)

| | | |
|---|---|---|
| BRIAN DARNELL HENDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1); and on the Government's Response to the Motion, (Doc. No. 7). For the reasons stated herein, the Court will grant in part and deny in part Petitioner's Motion to Vacate.

### I. BACKGROUND

In early 2006, officers identified Petitioner as a mid-level drug dealer during a joint investigation of a drug distribution ring in Iredell and Mecklenburg County. (Criminal Case No. 5:07cr23, Doc. No. 121 at ¶¶ 6-8: Presentence Report ("PSR")). Officers received information about Petitioner's drug dealing from a confidential informant, who had been to Petitioner's house. Based on that information, officers obtained and executed a search warrant for Petitioner's residence, seizing 198 grams of crack cocaine, a .40 caliber Glock pistol, and other drug paraphernalia. (Id., Doc. No. 121 at ¶ 9). In a later meeting with the confidential informant, Petitioner admitted in a recorded conversation to receiving a quantity of cocaine and acknowledged his role in the conspiracy. (Id., Doc. No. 121 at ¶ 10).

On May 23, 2007, the Grand Jury for the Western District of North Carolina indicted

Petitioner along with six codefendants in a ten-count indictment. (Id., Doc. No. 3: Sealed Bill of Indictment). Petitioner was named in four of the ten counts, charging him with conspiracy to possess with intent to distribute at least fifty grams of cocaine base and at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); possession with intent to distribute at least fifty grams of cocaine base and at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), and (b)(1)(C); possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). On June 12, 2007, the Government provided notice of its intent to seek an enhanced sentence pursuant to 21 U.S.C. § 851 based on two prior convictions for felony drug offenses committed by Petitioner. (Id., Doc. No. 24: Information). The predicate offenses were both North Carolina convictions for possession with intent to sell or distribute marijuana for which Petitioner received six- to eight-month suspended sentences. (Id., Doc. No. 121 at ¶¶ 44; 45).

Before trial, Petitioner moved to suppress the evidence seized from his house, as well as evidence of various incriminating statements he made to officers while in custody. (Id., Doc. No. 63: Motion to Suppress). This Court granted the motion as to the custodial statements but denied it as to the evidence seized from Petitioner's residence. (Id., Docket Entry Dated Jan. 7, 2008; Doc. No. 105 at 61-64: Motion to Suppress Hrg. Tr.). Shortly before trial, the Government moved in limine to preclude Petitioner from using extrinsic evidence to impeach a non-testifying "witness," Michael Cherry, who was a participant in the recorded conversations that the Government planned to introduce. (Id., Doc. No. 97: Motion in Limine). In response, Petitioner moved to exclude the audio recordings altogether. (Id., Doc. No. 102: Motion in Limine). The Court ruled that the recordings were admissible and that Petitioner could not impeach Cherry, a non-witness, with extrinsic evidence. (Id., Docket Entry Dated May 7, 2008). In addition to

testimony from investigators and the recorded conversations, the Government's evidence included testimony from one of Petitioner's codefendants, who identified Petitioner as a member of the drug conspiracy and described Petitioner's role. (Id., Doc. No. 160 at 138-60: Trial Tr.). The jury ultimately convicted Petitioner on all four counts. (Id., Doc. No. 112: Jury Verdict).

In preparation for sentencing, the United States Probation Office prepared a Presentence Investigation Report. The probation officer recommended that Petitioner receive mandatory life on the two drug counts—consistent with the Section 851 notice filed by the Government—followed by a consecutive sentence of 120 months on the Section 924(c) conviction. (Id., Doc. No. 121 at ¶ 76). At sentencing, this Court adopted the presentence report and imposed the recommended term of imprisonment, sentencing Petitioner to mandatory life on each of the drug counts, ten years concurrent on the felon-in-possession count, and five years consecutive on the Section 924(c) count. (Id., Doc. No. 130 at 2: Judgment).

Petitioner timely appealed, challenging the constitutionality of the search of his residence and the evidentiary rulings related to the audio recordings. The United States Court of Appeals for the Fourth Circuit affirmed in an unpublished, per curiam opinion issued on May 26, 2010. United States v. Henderson, 380 Fed. App'x 295 (4th Cir. 2010). Petitioner then petitioned the Supreme Court for a writ of certiorari, which the Court denied on November 1, 2010. Henderson v. United States, 131 S. Ct. 533 (2010). On October 14, 2011, Petitioner timely filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, contending that his sentence was improperly enhanced in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and that he received constitutionally ineffective assistance of counsel.

### II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the motion to vacate and the Government's brief in response, the Court finds that Petitioner's arguments can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

**A. PETITIONER'S CLAIMS THAT HE IS ENTITLED TO RELIEF UNDER SIMMONS**

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense under the mandatory-minimum provisions of the Controlled Substances Act, the individual defendant must have been convicted of an offense for which he could have received a sentence of more than one year in prison. 649 F.3d at 242-43. In so doing, the Fourth Circuit overturned its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the court had held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. See Simmons, 649 F.3d at 247. The Fourth Circuit recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).

Under Section 2255, a defendant may petition for relief based on a claim that, among other things, his "sentence was imposed in violation of the Constitution or laws of the United

States . . . [or] was in excess of the maximum authorized by law." Petitioner contends in his Section 2255 motion that his sentence was "unjustifiably inflated" based on North Carolina state court convictions that do not qualify as felony offenses in light of Simmons. Petitioner further contends that he is entitled to have his Section 922(g)(1) conviction vacated because he is actually innocent of that charge under Simmons. In its Response, the Government agrees with Petitioner that Petitioner's Simmons claim has merit and that he is, therefore, entitled to resentencing and to have his Section 922(g)(1) conviction vacated.

### 1. Petitioner's Mandatory Life Sentence Based on Enhancements

First, Respondent asserts that it concedes that Petitioner has stated a valid constitutional claim that this Court was deprived of discretion to sentence him to a sentence below an erroneously applied statutory mandatory minimum. Here, Petitioner's federal convictions included conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), as well as possession with intent to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A). Under the attendant sentencing provisions for these offenses, a defendant with two or more prior convictions for a felony drug offense is subject to a mandatory life sentence. 21 U.S.C. §§ 841(b)(1)(A), 851. In applying these provisions, and relying on Petitioner's two North Carolina convictions for possession with intent to sell or deliver marijuana, this Court imposed mandatory life sentences on each of the drug counts pursuant to the enhanced sentencing provisions of the Controlled Substances Act.

As noted above, however, under Simmons, Petitioner's prior North Carolina convictions do not qualify as predicate offenses for purposes of the enhanced sentence. Specifically,

Petitioner could not have received a sentence in excess of twelve months for either of his convictions for possession with intent to distribute marijuana. See N.C. GEN. STAT. § 15A-1340.17(c), (d) and § 90-95(a)(1), (b)(2). These convictions were, therefore, not for an offense punishable by more than one year in prison, and because Petitioner had no more serious prior convictions, he lacks a qualifying predicate conviction triggering the mandatory minimum sentence. In its response brief, Respondent states that while the parties understood at the time of Petitioner's conviction that he did have two prior convictions for felony drug offenses under Harp and Jones, Simmons now makes clear that he did not.

Respondent states that it, therefore, now concedes, in light of Simmons, that this Court was erroneously deprived of discretion to sentence Petitioner below mandatory life in prison. In asserting that Petitioner is entitled to relief, Respondent cites to Hicks v. Oklahoma, 447 U.S. 343, 346 (1980), in which the Supreme Court held that depriving a sentencing court of discretion under an erroneously applied statutory minimum violates the Due Process Clause. Id. at 346 (recognizing a due process violation where a jury was erroneously instructed that it had to impose a mandatory prison term in accordance with a statute that was later declared unconstitutional). Respondent asserts that, in light of this authority, Petitioner has stated a cognizable claim that his "sentence was imposed in violation of the Constitution," 28 U.S.C. § 2255(a), and he is therefore entitled to relief.

The Court agrees with Respondent that Petitioner is entitled to be re-sentenced in light of Simmons and the principles announced in Hicks.

**2. Petitioner's Conviction for Possession of a Firearm by a Convicted Felon under Section 922(g)(1)**

Section 922(g)(1) of Title 18 of the United States Code prohibits the possession of a

firearm by any person who has been convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The Fourth Circuit has applied Simmons to claims that a defendant did not have a qualifying conviction for purposes of a felon in possession of a firearm conviction. Thus, for purposes of Section 922(g)(1), a predicate conviction is not punishable "by imprisonment for a term exceeding one year," unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act. See, e.g., United States v. Parker, 465 Fed. App'x 283, 285 (4th Cir. 2012) (unpublished) (on direct appeal).

Here, Respondent states in its Response brief that it concedes that Petitioner could not have received a sentence in excess of twelve months for either of his convictions for possession with intent to distribute marijuana. See N.C. GEN. STAT. § 15A-1340.17(c), (d). Respondent states that under Simmons, then, those convictions were not for an offense punishable by more than one year in prison, and because Petitioner had no more serious prior convictions, he lacks a qualifying predicate conviction. Respondent states that because Petitioner was convicted for conduct that is not criminal under Section 922(g)(1), relief under Section 2255 is warranted.

This Court agrees with Respondent that Petitioner's Section 922(g)(1) conviction should be vacated in light of Simmons.

### B. PETITIONER'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

#### 1. Ineffective Assistance of Counsel Standard

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S.

668, 687-92 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "<u>actual</u> and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Counsel is presumed to be competent, and a petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id. Furthermore, it is well established that counsel is permitted wide latitude in determining which claims are most likely to succeed on appeal and are therefore worth bringing. See Jones v. Barnes, 463 U.S. 745, 751-54 (1983); Fisher v. Lee, 215 F.3d 438, 457 (4th Cir. 2000). Counsel is not required to assert all non-frivolous issues on appeal. See Jones, 463 U.S. at 751-52.

## 2. Analysis of Petitioner's Ineffective Assistance of Counsel Claims

### a. Ineffective Assistance of Trial Counsel During Trial

Petitioner raises three arguments in support of his contention that trial counsel rendered constitutionally ineffective assistance during trial. First, Petitioner contends that trial counsel failed to object to the jury instructions on the Section 924(c) count for possession of a firearm in furtherance of a drug trafficking crime. Next, Petitioner contends that trial counsel failed to properly impeach "government witness" Michael Cherry with evidence of his prior arrests and bad acts. Finally, Petitioner asserts that trial counsel was generally unprepared and failed to subpoena a witness, Agent Beaver, who "possessed relevant information."

#### i. Trial Counsel's Failure to Object to the Jury Instructions on the Section 924(c) Count for Possession of a Firearm in Furtherance of a Drug Trafficking Crime

First, Petitioner contends that trial counsel failed to object to the jury instructions on the Section 924(c) count for possession of a firearm in furtherance of a drug trafficking crime. Specifically, Petitioner faults counsel for not objecting to the omission of proof of "active employment" from this Court's instruction on the elements of Section 924(c). This claim fails, however, because active employment of the firearm is not an element under Section 924(c) following Congress's 1998 amendment to the statute. See United States v. Lomax, 293 F.3d 701, 704 (4th Cir. 2002) (explaining that "[b]y adding the 'possess in furtherance of' language, Congress meant to broaden the reach of the statute"); see also United States v. Jeffers, 570 F.3d 557, 566 n.7 (4th Cir. 2009) ("Under the current version of § 924(c), an 'active employment' instruction is not required, and the court properly instructed the jury on the elements of the firearm offense."). Accordingly, this Court properly instructed the jury on the elements of Section 924(c), and trial counsel's failure to object did not constitute ineffective assistance.

### ii. Trial Counsel's Failure to Properly Impeach "Government Witness" Michael Cherry with Evidence of His Prior Arrests and Bad Acts

Petitioner next argues that trial counsel failed to properly impeach "government witness" Michael Cherry with evidence of his prior arrests and bad acts. Contrary to Petitioner's assertion, however, Cherry was not a witness at trial. In fact, when ruling on a motion in limine, this Court expressly precluded Petitioner from using extrinsic evidence to impeach Cherry, who, as the Court explained, "is not for purposes of this case a witness." (Case No. 5:07cr23, Doc. No. 159 at 6; 9: Trial Tr.). The record shows that counsel argued for the opportunity to impeach Cherry, but then adhered to this Court's ruling precluding such testimony. (Id., Doc. No. 159 at 3-4). Counsel's conduct in advocating for his client and then following the Court's order did not fall below an objective standard of reasonableness.[1]

### iii. Trial Counsel's Failure to Subpoena a Witness, Agent Beaver, Who "Possessed Relevant Information"

Finally, Petitioner asserts that trial counsel was generally unprepared and failed to subpoena a witness, Agent Beaver, who "possessed relevant information." Petitioner's general claim of ineffectiveness fails because he has not made a "specific, affirmative showing as to what the missing evidence or testimony would have been." See United States ex rel. McCall v. O'Grady, 908 F.2d 170, 173 (7th Cir. 1990). The Fourth Circuit has emphasized the strength of the presumption of reasonableness in cases involving claims that counsel failed to call a particular witness, explaining that "[t]he difficulty of overcoming that general presumption is even greater . . . given that the decision whether to call a defense witness is a strategic decision demanding the assessment and balancing of perceived benefits against perceived risks, and one

---

[1] Respondent contends that this is especially true because the Court's evidentiary ruling was correct.

to which we must afford . . . enormous deference." United States v. Terry, 366 F.3d 312, 317 (4th Cir. 2004) (internal quotations omitted).

Petitioner's bald assertion is insufficient to overcome the strong presumption of reasonableness that accompanies trial counsel's decision not to call Agent Beaver as a witness. Furthermore, Petitioner has made no showing whatsoever regarding what information Agent Beaver would have provided. Accordingly, even assuming counsel's decision was not objectively reasonable, Petitioner has failed to establish prejudice resulting from that decision.

In sum, Petitioner has not shown ineffective assistance of trial counsel during Petitioner's trial.

### b. Ineffective Assistance of Trial Counsel At Sentencing

Petitioner next contends that counsel did not object to information of a historical nature contained in the presentence report. Petitioner fails, however, to specify the information he contends counsel neglected to challenge. The only specific error that Petitioner mentions is counsel's failure to raise a Confrontation Clause objection under Crawford v. Washington, 541 U.S. 36 (2004). It is well established, however, that Crawford does not apply during sentencing. United States v. Powell, 650 F.3d 388, 393 (4th Cir. 2011) (joining "every other federal circuit court that hears criminal appeals" in holding that the Confrontation Clause does not apply at sentencing). Accordingly, the failure to raise such an objection did not constitute deficient performance.

Petitioner has not specified any other objections that counsel overlooked that would have impacted the applicable guidelines range of imprisonment. In fact, the record shows that counsel raised seven objections to the presentence report, including an objection to the predicate offenses that led to Petitioner's enhanced sentence under the Controlled Substances Act. See (Case No.

5:07cr23, Doc. No. 124: Objections to PSR). Even if Petitioner were able to show that counsel's failure to lodge additional objections was unreasonable, he is nevertheless unable to satisfy the prejudice prong because he has not shown that any alleged errors would have impacted his sentence.

In sum, Petitioner has not shown ineffective assistance of trial counsel at sentencing.

### c. Ineffective Assistance of Appellate Counsel

Petitioner next claims, without elaboration, that he received constitutionally ineffective assistance of counsel on appeal and that appellate counsel did not include relevant grounds in his direct appeal. The test for ineffective assistance of appellate counsel is the same as it is for trial counsel. Specifically, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his 'counsel's performance fell below an objective standard of reasonableness' in light of the prevailing professional norms, and (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (citation omitted) (quoting Strickland, 466 U.S. at 688, 694).

Appellate counsel is entitled to a "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). The Supreme Court has recognized this discretion, emphasizing the "importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 752 (1983); see also Smith v. Murray, 477 U.S. 527, 536 (1986) ("[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate

advocacy." (internal quotation marks omitted)). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" Smith v. Robbins, 528 U.S. 259, 288 (2000) (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)). Here, having failed to identify a single issue that appellate counsel failed to raise in Petitioner's direct appeal, Petitioner has not overcome this strong presumption.

In sum, Petitioner has not shown ineffective assistance of appellate counsel.

## IV. CONCLUSION

For the reasons stated herein, the Court (1) grants Petitioner's request for resentencing in light of Simmons; (2) vacates Petitioner's conviction under Section 922(g)(1); and (3) finds that Respondent is entitled to judgment as a matter of law on Petitioner's ineffective assistance of counsel claims.

**IT IS, THEREFORE, ORDERED THAT:**

1. Petitioner's motion to vacate is **GRANTED** in part in that Petitioner is entitled to be resentenced in accordance with this Order, and Petitioner's conviction for violating Section 922(g)(1) is **VACATED**. Petitioner's motion to vacate is **DENIED** in part, in that Petitioner's ineffective assistance of counsel claims are without merit.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: December 16, 2013

Richard L. Voorhees
United States District Judge